YAZOO & MISSISSIPPI VALLEY RAILROAD Co. *v.* SUSIE
RICHARDSON.

[61 South. 649]

WITNESSES.   *Compensation.*   *Subpoena.*   *Necessity.*   *Code* 1906,
    *sections* 3948-3952.

> Under Code 1906, section 3948 providing that the first process in
> all cases "to compel the attendance of a witness, shall be a
> subpoena," and under section 3952 providing that a subpoena
> shall "be served personally," a witness cannot be charged to a
> party who did not procure his attendance, unless the records of
> the court show the witness has been subpoenaed, even
> though such witness was sworn and testified at the trial.

APPEAL from the circuit court of Warren county.
HON. H. C. MOUNGER, Judge.

Suit by Susie Richardson against the Yazoo & Missis-
sippi Valley Railroad Company. From a judgment for
plaintiff retaxing the cost, defendant appeals.

The facts are fully stated in the opinion of the court.

*HcLaurin, Armistead & Brien,* for appellant.

Under our statute and decisions we think there is no
doubt in the world about the fact that no witness is en-
titled to prove his attendance in court for mileage and
*per diem* unless such witness has been "summoned."

Section 2200 of the Code of 1906 lays down the rule by
which witness certificates are obtained. It is expressly
provided in this section that "any witness may sue for
and recover from the party on whose behalf he was sum-
moned the amount specified in his certificate." In other
words he is not entitled to a certificate at all until he has
been summoned.

Our supreme court has repeatedly declared that the
taxation of costs must be in strict conformity to the
statutes.

*Marshall County* v. *Tidmore,* 74 Miss. 317. In this case the court held that a state witness confined in jail was not entitled to witness fees, while being held by the state to testify. Here is a case not only where a witness was directed to appear, but actually was put in jail and held by the state in order that he should be present to testify in a murder case.

The defendant was not arrested, and though this witness was kept in jail 180 days, being confined from August term, 1895, until the February term, 1896, he was not entitled to any witness fee; that the only fees to be allowed were those provided for by statutes, said the court in that case.

This is the plain declaration of sections 1987, 2023 and 2026 of the Code of 1892 which are sections 2163, 2199 and 2126 of the Code of 1906. Section 2163 of the Code of 1906 being section 1987 of the Code of 1892 construed in the case of *Marshall County* v. *Tidmore,* specially provides that the fees allowed in this chapter (including witness fees) may be demanded and recovered "and no more."

The court will notice that section 2200 of the Code of 1906 is a new section, and that is a section that requires certificates to be issued only to witnesses who have been summoned.

These are the certificates that a party may pay and file among the papers in the cause, and if such party recovers costs therein, the amount shall be taxed in the bill of costs. Section 2200 of the Code of 1906.

Then follows the statement that "any witness may sue for and recover from the party, on whose behalf he was summoned, the amount specified in his certificate."

The law is clear that under the Code of Mississippi as construed by the supreme court of Mississippi, as said in *Marshall County* v. *Tidmore,. supra,* "only the fees prescribed by the statutes shall be allowed."

If a witness put in jail by the state and detained by the state is not entitled to witness fees, then we ask the court

if it can be possible that a witness who is merely "requested" to attend court can be allowed witness fees, when oftentimes these very witnesses are cumulative witnesses, and this, too, so a party to a cause can pile up the costs on his adversary by simply "requesting" witnesses to attend court; when, if he had subpoenaed the witnesses and incurred the court cost necessary to get the witness, if the probabilities were that he might lose the case, such party would not have done so. In other words, if counsel for appellant's contention is true, a litigant may experiment in the cost bill. He may "request" his witnesses to attend in vast numbers, and such witnesses cannot sue the party "requesting" them to attend because he has not been "summoned" as provided by section 2200 of the Code of 1906; but, notwithstanding the fact that such witness could not sue the party who had "requested" him to attend because he had not been summoned as provided by law, yet counsel for appellant insists that if they should win the case all these witnesses who had not been "summoned" could claim their attendance against the losing party, appellee in this case, even though the appellant who "requested" them to attend could not have been made to pay their fees if the appellant had lost the case. This would violate section 954, Code 1906, making the successful party liable for cost in certain instances. This is a peculiar conclusion, in other words it is illustrated by the common saying "Heads, I win, and tails, you lose." Such a proposition is a monstrous proposition, and in direct conflict with the entire statutory proposition, and in direct conflict with the entire statutory provisions of the state of Mississippi on witnesses and costs.

Section 966 of the Code of 1906 expressly provides that "every court may protect a party from being taxed with the fees and costs of an excessive number of witnesses, 'summoned' at the instance of his adversary." This section shows clearly that it never was contemplated by the law of Mississippi that any litigant could by simply "re-

questing" witnesses to attend, for whose attendance such litigant would not be liable because such witnesses had not been summoned; yet, in the event such a litigant won the case, that the losing party could be burdened with all the expense of these witnesses requested to attend court.

We deny that such a contention is the law. On the contrary section 966 of the Code, which has been the law for years in the state of Mississippi, specially provides that every court can protect a litigant from just what is sought to be done in this case, and that is to burden this appellee with "an excessive number of witnesses summoned at the instance of his adversary."

Even if these witnesses had been duly and legally summoned it would be improper to tax this appellee with their attendance; but counsel have claimed the privilege of punishing this appellee not only with an excessive number of witnesses summoned at the instance of the appellant but with an excessive number of witnesses requested to attend court. The law will not tolerate this for a moment; it is utterly unsound, and not in accordance with the statutes and decisions of Mississippi.

The supreme court of Mississippi in the case of *Perkins* v. *Delta Pine Land Co.* 66 Miss. 378, held that a witness was not a party to a cause in which he is summoned; fees are not taxed in his favor. He must look for his compensation to the party summoning him.

In 30 Am. Eng. Ency. of Law, page 1186, it is said: "Witnesses not summoned are not entitled to prove their attendance so as to charge the losing party with the amount of their fees."

When it is remembered that the supreme court of Mississippi has repeatedly held that no officers' costs, or witness fees, shall ever be allowed, except those fixed by statute (the doctrine of strict construction being the rule), appellants must put their finger on the statute that allows requested witnesses who have attended court

to obtain certificates for mileage and *per diem,* and tax up his adversary with such witnesses in violation of the Code of 1906, section 966 and section 2200.

In the case of *Patty* v. *Sparkman,* 58 Miss. 768, 80 Supreme Court of Mississippi says, ''However meritorious the claim for services rendered by an officer, if compensation for them is not provided by statute it must be denied.''

Section 2163 of the Code of 1906 on the chapter of fees for officers and witnesses, provides that they shall receive the fees as therein designated and no more.

It is idle to cite this court to decisions of other states, and especially the Federal court decisions, as the Federal court does not tax witness fees as provided by statutes in Mississippi, therefore those cases have no application, and neither is it worth while to cite this court to the decisions of other states; as the supreme court of Mississippi in the case of *Marshall County* v. *Tidmore, supra,* expressly repudiates the holding of other state cases, including Federal cases, which the court held directly supported the contention of appellees in that case; but these cases were repudiated by the court, and the *Tidmore case, supra,* was reversed, same holding that this question of witness fees is purely statutory, and looking to other states and Federal cases lends no aid.

The question of witness fees was again construed by the supreme court of Mississippi in the case of *Hubbard* v. *Hemphill,* 94 Miss. 388, where the court again expressly held that the statutes must be complied with, and that no allowance could be made except that provided by statute and in the manner provided by statute.

We ask the court to examine the cases of *Patty* v. *Sparkman,* 58 Miss. 76; *Barton* v. *Parker,* 57 Miss 144; *Marshall County* v. *Tidmore,* 74 Miss. 317; *Hall* v. *Moore,* 70 Miss. 75; *Perkins* v. *Delta Pine Land Co.,* 66 Miss. 378; and the case quoted above of *Hubbard* v. *Hemphill,* 94 Miss. 388.

These decisions construing the laws of Mississippi in reference to witness fees applied to sections 2200, 2199, 2163 and 966 of the Code of 1906, clearly establish, we respectfully submit, the correct holding of the lower court in sustaining the motion to retax the costs in this case; and to eliminate therefrom all fees of witnesses and their mileage, who had been requested to attend court, and to eliminate all mileage of the witnesses in the cost bill, who had been summoned at Vicksburg.

Section 2199 of the Code of 1906 expressly provides that "a charge shall not be made for mileage except that traveled within this state." This section also provides for tolls and ferriages which the witness is obliged to pay. This section 2199 clearly contemplates the summoning of witness; otherwise he would not be obliged to pay any tolls, or ferriages, in attending court, and such tolls and ferriages are charged in with mileage, which necessarily means that the witness must be obliged to travel the mileage and pay the toll and ferriages in attending court; otherwise he is not entitled to receive the $1.50 per day, together with such mileage, tolls and ferriages, for attending a circuit or chancery court.

Construing this section further the court will see that the law expressly excludes the idea that any witness attending any court in the State of Mississippi should receive any mileage, other than the mileage traveled within the state, no matter what distance he may come to reach the court; whereas, the court will find on investigating the Federal practice the mileage is allowed in Federal cases from the home of the witness, covering the whole distance of his travels. We, therefore, say the Federal cases have no bearing, neither have any other state cases.

This case is governed entirely by the statutes and decisions of Mississippi, and the supreme court of Mississippi has over and over held that no fees to officers, or fees to witnesses shall ever be allowed, unless the stat-

utes allowing the fee can be pointed out as authority for such action.

We respectfully submit that our Code provisions, sections 2199 and 2200, when construed together, irresistibly establish the conclusion that a witness is not entitled to a certificate until he has been summoned as provided in section 2200, and he can only charge for mileage traveled within the state of Mississippi, and tolls and ferriages which he is obliged to pay after being summoned in order to obey the process of the court by which he is commanded to appear; otherwise, such witness certainly could not be obliged to attend court, or pay any tolls and ferriages at all.

*Mayes & Mayes,* for appellee.

The issues in this controversy are, of course, defined by the pleadings. The principal pleading in this case is appellee's motion to retax the cost. The grounds for that motion are three in number, and in each and every one of those three grounds the failure to have subpoenas issued forms the basis of appellee's objection to the clerk's taxation of the costs. And nowhere in appellee's motion does appellee ask the trial court to retax the costs because, as she now says, there was an excessive number of witnesses summoned, or because their testimony was cumulative. The trial court was not asked to, and did not pass on the question of whether or not there was an excessive number of witnesses summoned, or whether or not the testimony of these witnesses was only cumulative. No such question was presented to the lower court. The only question presented to the lower court by the motion to retax the costs was the question relating to the failure to have subpoenas issued.

Therefore, the question relating to the failure to have subpoena issued is the only question with which this court is concerned, and in deciding that question this court will, of course, disregard any contention on

the part of appellee that there was an excessive number
of witnesses summoned, etc.

Appellee says she does not remember whether all of the
witnesses actually testified or not. As to that we wish
to direct this court's attention to the fact that it is es-
pecially agreed in the agreed statement of facts which
has been filed in this case, that these witnesses actually
did testify.

Appellee says section 2200 of the Code of 1906 lays
down the law by which witness certificates are obtained?
It is especially provided in this section that any witness
may sue for and recover from the party, on whose behalf
he was summoned, the amount specified in the certificate.
In other words, he is not entitled to a certificate at all
until he has been summoned.

We think that this is more of an argument in favor of
our side of the case than that of the appellee. Appellee's
whole trouble here comes from her failure to distinguish
the difference between the words "summoned" and "sub-
poenaed." The word "summoned" is the broader of the
two, and includes the other. To summons, means to call.
A witness may be called or summoned either, first, by
subpoena, which is the formal method, or second, by
mere request of a party, which is the informal method. In
either case he has been summoned, and the section just
quoted meant to include witnesses of either class. If the
section meant to provide for only those witnesses who
had been formally subpoenaed, it would not have con-
tained the word "summoned," but would have read "on
whose behalf he was subpoenaed."

The case of *Marshall* v. *Tidmore,* 74 Miss. 317, upon
which appellee relies, is not in line with the present
case at all. In that case, Tidmore was refused compen-
sation because, as this court said, he was not in attend-
ance on the trial court during the time he was in jail. In
the Tidmore case, the question of what were the rights of
a witness who was or was not under subpoena was not be-
fore the court.

The fact that appellee is forced to rely on a case which is so far from the points involved in this controversy shows in what a hopeless plight appellee finds herself. Appellee says that if appellant's contentions are correct, then appellant could experiment in cost bills; that we could request a number of witnesses to attend, whether we needed them or not. The reply to that argument in short and simple. It is this: The fact that appellant would be liable to be sued by these witnesses for their mileage and *per diem fees,* is assurance enough that this appellant is never going to indulge in any such antics as are mentioned by appellee.

In conclusion, we say that the witnesses in this case have rendered the services and they are, therefore, entitled to their compensation. They may sue appellant to recover their compensation. This gives appellant the right to have the fees of these witnesses taxed as part of the court costs.

COOK, J., delivered the opinion of the court.

This appeal presents an interesting question, not entirely new to other jurisdictions, but one which has never arisen in this court. Susie Richardson, appellee, sued the Yazoo & Mississippi Valley Railroad Company, appellant, in the circuit court of Warren county, and lost her suit. The clerk of the court issued certificates to a number of witnesses for the defendant for their *per diem* and mileage, and these certificates were taxed in the bill of costs. Plaintiff below, appellee here, made a motion to retax the costs, and the evidence in support of this motion is embodied in an agreed statement of facts.

It is agreed that the witnesses for defendant composed two classes: (a) Witnesses who came to Warren county from their respective homes in Mississippi, other than Warren county, and from Memphis, Tenn., at the request of defendant, who were never served with process, either before or after they reached the place of trial which wit-

nssess were sworn and testified as witnesses at the trial; (b) witnesses who came from their homes in Mississippi and Tennessee to the place of trial at the request of defendant, and were served with process after they arrived at the place of trial. The trial court held that the witnesses who had not been served with process could not claim either mileage or *per diem* against plaintiff, including in this category those witnesses who were sworn and testified in the trial of the case; that the witnesses who had been served with process after they reached Vicksburg, the place of trial, were entitled to *per diem,* but were not entitled to mileage to and from their homes in Mississippi, or to and from the state line, for those whose homes were Memphis, Tenn. In short, the trial court held that a witness could not recover costs against the losing party, where he came to the trial court at the request of the losing party's adversary, unless he had been served with a subpœna, either before he started or after he reached the court, and that mileage could not be recovered, although the witness was subpœnaed after he reached the court.

The courts to which these questions have been presented have reached different conclusions. Some courts have decided that, as the process was only to enforce the attendance of the witness, if the witness waived the service of process, and came voluntarily, at the request of a successful party to the suit, he was entitled to mileage and *per diem.* Many reasons are given for this view, and much may be said in favor of the reasoning employed in support thereof. It will be observed that the trial court in this case decided that the adversary witnesses could not have their *per diem* taxed in the bill of costs against the loser, unless they had been served with subpœna to compel their attendance, and although they had actually testified as witnesses. In other words, the witness was not a witness, under the control of the court, until he had been served with process which compelled his attendance.

Section 3948 of the Code of 1906 provides that the first process, in all causes, "to compel the attendance of a witness, shall be a subpoena;" that the subpoena shall be directed to some proper officer "where the witness may reside, stating the time and place for the appearance of the witness, the parties to the cause, and the party at whose instance the witness is subpoenaed." Section 3952 provides that a subpoena shall "be served personally," etc., "and the person so subpoenaed shall appear;" and this section further provides that, if the suit shall be settled in vacation, notice shall be given the witnesses, "otherwise they shall be entitled to the same compensation for their subsequent attendance in pursuance of the subpoena as if the suit had not been settled." An orderly procedure to provide a record of the witnesses in causes pending in the courts is prescribed, for obvious reasons. A witness to be under the control of the court must be brought under the jurisdiction of the court by some process of the court. When does a witness become a witness in the legal sense? When he is actually and physically in attendance upon the court at the request of a party to the suit, or when he has been commanded by the court, in the prescribed way, to attend?

We are not considering the relations between the witness and the party at whose instance he is in attendance upon the court; but we are considering quite a different question, viz.: When can a successful party in a lawsuit demand that his losing adversary pay witnesses in attendance at his instance? We think that the trial court was right in holding that a witness cannot be charged to a party who did not procure his attendance, unless the records of the court show that the witness has been subpoenaed. To hold otherwise would be to open the door to fraud and uncertainty. If a case should hang on from term to term, it is easy to imagine that no one could be found who could tell whether or not the witness holding a certificate of attendance was ever in fact in attendance

upon the court, or, if he was, it would often be practically impossible to ascertain at whose instance he attended. The witness might die, and the parties originally in charge of the suit could not remember anything about the witness. It would be easy to pad the cost bill without the chance of detection, and in fact without a subpœna anybody in need of a few dollars could obtain easy money by qualifying himself by affidavit to secure a witness' certificate.

We believe that the trial court adopted the safer rule, and the judgment of the court retaxing the costs is affirmed.

*Affirmed.*